UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                    Plaintiff

v.                                                      Criminal Action No. 3:21CR-80-RGJ

FREDERICK E. SANDERS                                                        Defendant

* * * * *

## MEMORANDUM OPINION AND ORDER

This matter of restitution came before the Court on April 19, 2022, on a sentencing hearing.

There appeared A. Spencer McKiness, Assistant United States Attorney, and Defendant, Frederick

E. Sanders ("Sanders"), with appointed counsel, Chastity R. Beyl, Assistant Federal Defender.

The Court's official reporter was April Dowell.

Sanders was indicted on two counts: Count 1, Production of Child Pornography in violation

of 18 U.S.C. § 2251(a) and (e), and Count 2, Distribution of Child Pornography in violation of 18

U.S.C. § 2252A(a)(2) and (b)(1).   The Court previously accepted Sanders' plea of guilty as to

Counts 1-2 of the Indictment pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(B) plea

agreement.   The Court subsequently sentenced Sanders but held judgment and commitment in

abeyance to consider the issues of restitution, fine, and assessment.   Defendant submitted a brief

and stipulation on these matters, [DE 40], and the Government filed a supplemental brief.   [DE

41].   In their briefing, the parties agree that Sanders should pay $3,000 in restitution to the

identified victim and that the Court should impose no fines or special assessments.   [DE 40 at 136;

DE 41 at 143-44].

# I.   STANDARD

Under § 3014, non-indigent defendants convicted of offenses under chapter 110, including Sanders' offenses, must pay a $5,000 special assessment.[1]  18 U.S.C. § 3014.  Special assessments are paid into a joint pot for later treatment—under § 3014 these funds are collected into the Domestic Trafficking Victims' Fund and are later used to enhance victims' programming under several different sections.  18 U.S.C. § 3014(c), (d), (e).  § 3014 special assessments are not "payable until the person subject to the assessment has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which the special assessment is based."  *Id.*  § 3014(b).

The United States Sentencing Guidelines provide that, as part of the sentence of punishment, "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."  U.S.S.G. § 5E1.2(d).  "[T]he standard of financial inability is 'something less than indigency or destitution.'"  *Brown v. United States*, 716 F. App'x 488, 492 (6th Cir. 2017).  18 U.S.C. § 3572 provides that: "In determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider, in addition to the factors set forth in 18 U.S.C. § 3553(a), "eight additional factors, including: the defendant's income; the burden the fine will impose upon the defendant; pecuniary loss inflicted upon others as a result of the offense; and the expected costs to the government of imprisonment."  *United States v. King*, 466 F. App'x 484, 489 (6th Cir. 2012) (citing 18 U.S.C. § 3572(a)).  The Court considers these same factors when considering a special

---

[1] "18 U.S.C. § 3014's assessment 'is akin to a fine imposed as part of a sentence, [so] 'the defendant bears the burden of proving indigency.'" *United States v. Easterling*, 811 F. App'x 306, 309–10 (6th Cir. 2020) (citing *United States v. Wandahsega*, 924 F.3d 868, 889–90 (6th Cir. 2019) and U.S.S.G. § 5E1.2(a)).

assessment under 18 U.S.C. § 2259A, which the Court must assess when a defendant is convicted of a child pornography offense.  18 U.S.C. § 2259A.

"[F]ederal courts have no inherent power to award restitution[.]"  *United States v. Church*, 731 F.3d 530, 535 (6th Cir. 2013) (quoting *United States v. Evers*, 669 F.3d 645, 655–56 (6th Cir. 2012)).  So "restitution orders are proper 'only when and to the extent authorized by statute.'"  *Id.* Congress has mandated restitution orders to compensate specific victims for their losses under 18 U.S.C. § 2259 when a defendant is convicted of producing and distributing child pornography. The Court is directed to first "determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim."  18 U.S.C. § 2259(b)(2)(A).  Next, "the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000."  *Id.* § 2259(b)(2)(B); *see also United States v. Jones*, 815 F. App'x 870, 883 (6th Cir.), *cert. denied,* 141 S. Ct. 833 (2020).  The Government bears the burden of demonstrating the amount of loss sustained by a victim as a result of the offense.  *Paroline v. United States*, 572 U.S. 434 (2014).

## II.    ANALYSIS

At sentencing, the Court determined Sanders' indigency and waived the $5,000 special assessment under § 3014.  The Court similarly finds, for the same reasons articulated for the indigency finding at sentencing, that Sanders is unable to pay a fine or special assessment under § 2259A.  Moreover, restitution is more important in this case than the imposition of a fine.

When ordering restitution under § 2259, the Court does not consider indigency.  18 U.S.C. § 2259(b)(4)(B)(i) ("A court may not decline to issue an order under this section because of-- (i) the economic circumstances of the defendant").  Both counts Sanders is convicted of involve the

same identified John Doe minor victim, who is not seeking restitution and has not submitted a

victim impact statement.  As neither the victim nor the Government has submitted a loss amount,[2]

the Court cannot determine the "full amount" of the victim's losses.   However, § 2259 instructs

the Court to order "no less than $3,000."  18 U.S.C. § 2259(b)(2)(B).[3]  *See also Jones*, 815 F.

App'x at 883 (citing § 2259(b)(2)(A)); *United States v. Mobasseri*, 828 F. App'x 278, 280 (6th

Cir. 2020), *cert. denied,* 141 S. Ct. 1425 (2021) (unpublished) (affirming district court's $3,000

baseline restitution order, in part on "Congress's approval" of such baseline amount); *United States*

*v. Clemens*, 990 F.3d 1127, 1130 (8th Cir. 2021) (upholding $3,000 restitution as mandatory

minimum amount); *and United States v. Byrd*, No. 3:20-CR-88-BJB, 2021 WL 6926468, at *3

(W.D. Ky. Oct. 29, 2021) (awarding $3,000 restitution under § 2259 to victim when no loss amount

was submitted and victim did not want restitution).  The Court finds there are no factors relevant

to increasing the restitution amount.

Causation is not in doubt here; Sanders has pleaded guilty to production and distribution

of child pornography in which John Doe appears.  *See Paroline*, 572 U.S. at 450 (listing similar

examples for which the causation "showing could be made with little difficulty.").  The victim no

doubt directly suffered—and will continue to suffer—harm that Sanders directly caused.

In ordering this restitution, the Court considers only the offense conduct relevant to the

charged conduct and does not consider irrelevant conduct (or that conduct relevant only to

uncharged crimes).  *See United States v. Overby*, 838 F. App'x 966, 971 (6th Cir. 2021) ("the term

'a crime' [or "offense"] refers to the offense of conviction." (citing *Paroline v. United States*, 572

U.S. 434, 445 (2014)).  The Court also does not consider victim impact statements for uncharged

---

[2] "No victim shall be required to participate in any phase of a restitution order."  18 U.S.C. § 3664(g)(1).
[3] "After [determining the full amount of the victim's losses], the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000."  18 U.S.C. § 2259(b)(2)(B).

conduct, nor does the Court order restitution for victims of uncharged conduct.[4]  *Id.*  (§ 2259 only "authorizes the district court to order restitution payments for victims of the offense of conviction—not for victims of uncharged conduct").  Thus, the Court will order restitution to the identified victim under 18 U.S.C. § 2259 in the baseline amount of $3,000.  The Court will not order any other fine or special assessment.

Counsel may file objections within five days of this notice.  Any objections not filed will be deemed waived.

### CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)  Sanders will pay restitution to the identified John Doe victim in the amount of $3,000.

Rebecca Grady Jennings, District Judge
United States District Court

May 11, 2022

Copies to:   Counsel of record
             Probation Office
             & USDC-Finance

---

[4] As noted, conduct must be charged for the Court to order restitution or special assessment, and no charged conduct here involves unidentified victims.  § 2259A special assessments, which go into the Child Pornography Victims Reserve, are especially appropriate when victims are unidentified and have been unable to seek restitution.  *See United States v. Madrid*, 978 F.3d 201, 205 (5th Cir. 2020) (explaining that restitution under § 2259 requires identification of a victim and proof of losses, while restitution under § 2259A does not require identification of a victim or proof of losses).